UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SHAKURA SLAUGHTER | ) | CASE NO. |
| 3281 Kenaston Dr. | ) | |
| Columbus Ohio 43232 | ) | JUDGE |
| | ) | |
| *On behalf of herself and all others* | ) | **PLAINTIFF'S CLASS AND** |
| *similarly situated,* | ) | **COLLECTIVE ACTION** |
| | ) | **COMPLAINT** |
| Plaintiff, | ) | |
| | ) | (Jury Demand Endorse Herein) |
| *v.* | ) | |
| | ) | |
| RMLS HOP OHIO, L.L.C. | ) | |
| c/o Ohio Statutory Agent | ) | |
| National Service Information, Inc. | ) | |
| 145 Baker Street | ) | |
| Marion, OH 43302 | ) | |
| | ) | |
| *and* | ) | |
| | ) | |
| ROMULUS HOLDINGS LLC | ) | |
| c/o Statutory Agent David A McEvoy | ) | |
| 4560 East Camp Lowell Drive | ) | |
| Tucson, AZ 85712 | ) | |
| | ) | |
| Defendants. | ) | |

Plaintiff Shakura Slaughter, by and through counsel, respectfully files this Class and

Collective Action Complaint against Defendants RMLS Hop Ohio, L.L.C. and Romulus

Holdings LLC and states and alleges the following:

**INTRODUCTION**

1.     Plaintiff brings this case to challenge policies and practices of RMLS Hop Ohio,

L.L.C. and Romulus Holdings LLC (hereinafter collectively referred to as "Defendants") that

violated the minimum wage and overtime provisions of the Fair Labor Standards Act ("FLSA"),

29 U.S.C. §§ 201-219, the Ohio overtime compensation statute, Ohio Rev. Code Ann. § 4111.01

*et seq.*, and Art. II, Sec. 34a of the Ohio Constitution. Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated" (the "FLSA Collective"). Plaintiff also brings this case as a class action under Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert factually-related claims under the wage-and-hour provisions of the Ohio Constitution, Art. II, Sec. 34a (the "Ohio Class").

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

3.     This Court has supplemental jurisdiction over Plaintiff's claims under the statutes and Constitution of the State of Ohio because those claims are so related to the FLSA claims as to form part of the same case or controversy.

4.     Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because all or a substantial part of the events or omissions giving rise to Plaintiff's claims occurred here.

## PARTIES

5.     At all times relevant, Plaintiff Shakura Slaughter was a citizen of the United States and a resident of Franklin County, Ohio.

6.     Defendant RMLS Hop Ohio, L.L.C. is a foreign for-profit limited liability company with its principal place of business in Arizona. According to records maintained by the

2

Ohio Secretary of State, Defendant RMLS Hop Ohio, L.L.C.'s Ohio statutory agent for service

of process is National Service Information, Inc. 145 Baker Street Marion, OH 43302.[1]

7.      Defendant Romulus Holdings LLC is an Arizona for-profit limited liability

company with its principal place of business in Arizona. According to records maintained by the

Arizona Secretary of State, Defendant Romulus Holdings LLC's statutory agent for service of

process is David A McEvoy, 4560 East Camp Lowell Drive, Tucson, AZ 85712.

## FACTUAL ALLEGATIONS

### Defendants' Business

8.      Defendants are franchise owners and operators of 100+ International House of

Pancakes ("IHOP") restaurant locations across 11 states, including several in Ohio. [2]

### Plaintiff's, the FLSA Collective's and the Ohio Class's Employments with Defendants

9.      Defendants have employed hundreds of full and part-time tipped servers

(hereinafter also referred to as "tipped employees") during the relevant period.

10.     Plaintiff Shakura Slaughter was employed by Defendants from about March 2018

to July 2018 as a server at the Hilliard, Ohio IHOP location. Plaintiff also worked at the

Reynoldsburg, Ohio IHOP location from about December 2018 to March 2019 as a server.

11.     At all times relevant, Plaintiff, the FLSA Collective and the Ohio Class were

employees within the meaning of 29 U.S.C. § 203(e), O.R.C. §§ 4111.01, *et seq.* and Art. II, Sec.

34a of the Ohio Constitution.

12.     Plaintiff, the FLSA Collective and the Ohio Class were classified by Defendants

as non-exempt employees and paid on an hourly basis.

---

[1] https://businesssearch.sos.state.oh.us/?=businessDetails/2319944 (accessed Aug. 28, 2019).
[2] https://www.romulusinc.com/leadership-team (accessed Aug. 28, 2019).

13.     Part of Plaintiff's, the FLSA Collective's and the Ohio Class's job duties included regularly processing credit card transactions involving out-of-state banks and financial institutions for Defendants' customers, and regularly handling multiple goods and products that have been produced or moved in interstate commerce.

14.     At all times relevant, Plaintiff and other members of the FLSA Collective and Ohio Class were employees engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 206-207.

## Defendants' Statuses as Employers

15.     At all times relevant, Defendants were employers within the meaning of the FLSA, 29 U.S.C. § 203(d), Ohio Const. Article II, Section 34a and O.R.C. §§ 4111.01, *et seq.*, and employed hourly employees, including Plaintiff and other members of the FLSA Collective and Ohio Class.

16.     At all times relevant, Defendants were an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

17.     Defendants operate and control an enterprise engaged in commerce, with annual gross volume of business exceeding $500,000.00.

18.     Defendants were each employers of Plaintiff and other members of the FLSA Collective and Ohio Class as each Defendant exercised the power to hire or fire tipped employees; supervised and controlled tipped employees' work schedules or conditions of employment; determined tipped employees' rates and methods of payment; and maintained or were required to maintain records, including employment records.

### *Defendants' Statuses as a "Single Employer" and "Single Enterprise"*

19.     At all times relevant, Defendants were an enterprise within the meaning of 29 U.S.C. § 203(r). At all times relevant, Defendants have operated as a single enterprise within the meaning of Section 203(r)(1) of the FLSA. 29 U.S.C. § 203(r)(1). That is, Defendants perform related activities through unified operation and common control for a common business purpose; namely, the operation of IHOP restaurants in Ohio

20.     Defendants own and operate a chain of franchised IHOP restaurants across Ohio.

21.     Defendants are engaged in related activities, *i.e.* all activities which are necessary to the operation and maintenance of Defendants' IHOP restaurants.

22.     Defendants share employees between restaurant locations.

23.     Defendants share common management between IHOP restaurant locations.

24.     Defendants share common human resources and payroll services between IHOP restaurant locations.

25.     Defendants provide the same array of products and services to customers at the IHOP restaurant locations.

26.     Defendants represent themselves to the general public as a single entity – IHOP – operating at multiple locations. Defendants use the trade name "IHOP" at all of their restaurant locations. Defendants' restaurants are advertised on the same website and mobile application.

27.     Defendants constitute a unified operation because they have organized the performance of their related activities so that they are an organized business system which is an economic unit directed to the accomplishment of a common business purpose.

28.     Defendants' chain of IHOP restaurants provides the same service product to customers by using a set formula when conducting business. Defendants operate each IHOP

restaurant location identically, or virtually identically, and Defendants' customers can expect the same kind of customer service regardless of the location.

29.     Part of that set formula is the deprivation of minimum wage and overtime to their employees as outlined in this Complaint.

## The FLSA and Ohio Law's Tip Requirements

30.     The FLSA incorporates state minimum wage laws when they include a higher minimum wage than the FLSA. 29 U.S.C. § 206. Ohio law, for example, provides the following requirements for Ohio's minimum wage tip credit: "[a]n employer may pay an employee less than, but not less than half, the minimum wage rate required by this section if the employer is able to demonstrate that the employee receives tips that combined with the wages paid by the employer are equal to or greater than the minimum wage rate for all hours worked." Ohio Const. Article II, Section 34a.

31.     Ohio's minimum wage is adjusted annually as specified by Ohio Const. Article II, Section 34a, and for tipped employees was $4.05 per hour *plus tips* totaling at least $8.10 per hour in 2016, $4.08 per hour *plus tips* totaling at least $8.15 per hour in 2017, $4.15 per hour *plus tips* totaling at least $8.30 per hour in 2018, and is $4.30 per hour *plus tips* totaling at least $8.55 per hour in 2019.[3]

32.     The tip-credit provisions of the FLSA allow employers to pay less than the statutory minimum wage provided that the employer complies with strict requirements.

33.     In 1967, the United States Department of Labor ("DOL") issued 29 C.F.R. § 531.56(e), the "dual jobs" regulation, that explains how workers who engage in both tipped and

---

[3] https://www.com.ohio.gov/documents/dico_2019MinimumWageposter.pdf (accessed Aug. 30, 2019).

6

non-tipped work are to be compensated as required by Sections 3(m) and 3(t) of the FLSA. This

"dual jobs" regulation states:

> In some situations an employee is employed in a dual job, as for example, where a maintenance man in a hotel also serves as a waiter. In such a situation the employee, if he customarily and regularly receives at least $ 30 a month in tips for his work as a waiter, is a tipped employee only with respect to his employment as a waiter. He is employed in two occupations, and no tip credit can be taken for his hours of employment in his occupation of maintenance man. Such a situation is distinguishable from that of a waitress who spends part of her time cleaning and setting tables, toasting bread, making coffee and occasionally washing dishes or glasses. It is likewise distinguishable from the counterman who also prepares his own short orders or who, as part of a group of countermen, takes a turn as a short order cook for the group. Such related duties in an occupation that is a tipped occupation need not by themselves be directed toward producing tips.

34. In 1988, the DOL codified the "80/20 rule" or "twenty percent rule" as an

interpretive guideline of § 531.56(e) in the DOL's Field Operation Handbooks at § 30d00(f). §

30d00(f) (rev. Dec. 15, 2016) states:

> (1) When an individual is employed in a tipped occupation and a non-tipped occupation, for example, as a server and janitor (dual jobs), the tip credit is available only for the hours spent in the tipped occupation, provided such employee customarily and regularly receives more than $30.00 a month in tips. *See* 29 CFR 531.56(e).

> (2) 29 CFR 531.56(e) permits the employer to take a tip credit for time spent in duties related to the tipped occupation of an employee, even though such duties are not by themselves directed toward producing tips, provided such related duties are incidental to the regular duties of the tipped employees and are generally assigned to the tipped employee. For example, duties related to the tipped occupation may include a server who does preparatory or closing activities, rolls silverware and fills salt and pepper shakers while the restaurant is open, cleans and sets tables, makes coffee, and occasionally washes dishes or glasses.

> (3) However, where the facts indicate that tipped employees spend a substantial amount of time (i.e., in excess of 20 percent of the hours worked in the tipped occupation in the workweek) performing such related duties, no tip credit may be taken for the time spent in those duties. All related duties count toward the 20 percent tolerance.

(4) Likewise, an employer may not take a tip credit for the time that a tipped employee spends on work that is not related to the tipped occupation. For example, maintenance work (e.g., cleaning bathrooms and washing windows) are not related to the tipped occupation of a server; such jobs are non-tipped occupations. In this case, the employee is effectively employed in dual jobs.

35.     This interpretation of the "dual job" regulation has been consistently "recognized by case law, the DOL opinion letters, and the FOH [DOL Field Operations Handbook].'" *Harrison v. Rockne's Inc*., 274 F. Supp. 3d 706, 713 (N.D. Ohio 2017). *See also Belt v. P.F. Chang's China Bistro, Inc*., E.D.Pa. No. 18-3831, 2019 U.S. Dist. LEXIS 138003, at *38 (Aug. 15, 2019); *Spencer v. Macado's, Inc*., W.D.Va. No. 6:18-cv-00005, 2019 U.S. Dist. LEXIS 112966, at *15-16 (July 8, 2019); *Callaway v. DenOne LLC*, N.D.Ohio No. 1:18-cv-1981, 2019 U.S. Dist. LEXIS 37732, at *15-16 (Mar. 8, 2019) (Gwin, J.); *Osman v. Grube, Inc*., N.D.Ohio No. 16-cv-802, 2017 U.S. Dist. LEXIS 105276, at *5-6 (July 7, 2017).

36.     On November 8, 2018, by opinion letter, and February 15, 2019, by FOH alteration, the DOL modified the 30+ year "twenty percent rule" interpretive guideline of § 531.56(e). The revised handbook states that employers "may take a tip credit for any amount of time that an employee spends on related, non-tipped duties performed contemporaneously with the tipped duties—or for a reasonable time immediately before or after performing the tipped duties—regardless whether those duties involve direct customer service." § 30d00(f)(2) (rev. February 15, 2019). Employers were directed to refer to related, non-tipped duties as listed in the Occupational Information Network (O*NET) to determine whether tasks are related to the tip-producing duties of that occupation.

37.     Moreover, through the November 8, 2018 opinion letter, and the February 15, 2019 FOH alteration, the DOL reaffirmed that employers are prohibited from taking a tip credit when they required their tipped employees to perform non-tipped work that is unrelated to the

tipped occupation, or for tasks not listed on the O*NET task list or contained within 29 CFR §

531.56(e). WHD Opinion Letter FLSA 2018-27 (stating "Employers may not take a tip credit for

time spent performing any tasks not contained in the O*NET task list.").

38.     Notwithstanding the DOL's 2018-19 modified interpretation of 29 C.F.R. §

531.56(e), courts across the country and within the Sixth Circuit have recently reaffirmed the

30+ year standing twenty percent rule. *See, e.g., Belt v. P.F. Chang's China Bistro, Inc.,* E.D.Pa.

No. 18-3831, 2019 U.S. Dist. LEXIS 138003, at *45 (Aug. 15, 2019) ("A twenty percent limit on

untipped related work is [] consistent with the Supreme Court's stated purpose of the FLSA").;

*Spencer v. Macado's, Inc.,* W.D.Va. No. 6:18-cv-00005, 2019 U.S. Dist. LEXIS 112966, at *15-

17 (July 8, 2019); *Callaway v. DenOne LLC, N*.D.Ohio No. 1:18-cv-1981, 2019 U.S. Dist.

LEXIS 37732, at *12-17 (Mar. 8, 2019) (Gwin, J.); *Esry v. P.F. Chang's China Bistro, Inc*., 373

F. Supp. 3d 1205, 1211 (E.D.Ark.2019) ("the guidance is unpersuasive because, as discussed

above, it contradicts the regulation as it plainly reads and as *Fast* [*v. Applebee's Intern., Inc*., 638

F.3d 872 (8th Cir. 2011)] interpreted it[.]"); *Cope v. Let's Eat Out, Inc*., 354 F. Supp. 3d 976,

985-988 (W.D.Mo.2019).

## **Defendants' Impermissible Tip Credit Policies and Practices**

39.     Defendants compensated Plaintiff and other members of the FLSA Collective and

Ohio Class as tipped employees during Plaintiff's, the FLSA Collective's and the Ohio Class's

employments; Defendants paid Plaintiff and other members of the FLSA Collective and Ohio

Class less than the statutory minimum hourly wage, a sub-minimum wage, and took a "tip

credit" against their minimum wage obligations.

40.     Though the FLSA permits employers to take a tip credit against their minimum

wage obligations for employees who customarily and regularly receive tips, Defendants were

prohibited from taking a tip credit when they required their tipped employees to perform non-tipped work that is unrelated to the tipped occupation. *See, e.g, Driver v. Apple Illinois, LLC*, 739 F.3d 1073, 1075 (7th Cir. 2014) (explaining that when tipped employees perform "non-tipped duties" that "are unrelated to their tipped duties . . . such as, in the case of restaurant servers, washing dishes, preparing food, mopping the floor, or cleaning bathrooms, they are entitled to the full minimum wage for the time they spend at that work").

41.     Defendants regularly and frequently required Plaintiff and the FLSA Collective and Ohio Class to perform non-tipped duties unrelated to their tipped occupations including but not limited to washing trays, washing dishes; stocking ice; washing appliances; stocking and arranging the salad case (including retrieving materials from freezers, prepping the salad, weighing and apportioning salad, portioning dressings and portioning toppings), working the grill line and performing the primary job duties of cook; operating the dish tank and performing the primary job duties of a dishwasher; breaking down and cleaning the server line; scrubbing and cleaning storage shelves in the kitchen; cleaning and scrubbing coffee makers, equipment and pots; preparing delivery orders for Uber Eats, Door Dash, and Grub Hub; packing and bagging condiments; preparing takeout orders and online orders from the IHOP website and mobile application; cutting lemons and limes, and other workplace maintenance tasks.

42.     Defendants further required Plaintiff and the FLSA Collective and Ohio Class to complete other non-tipped duties unrelated to their tipped occupations, including those above, that are not listed in the O*NET task list as work that is related to Plaintiff's and members of the FLSA Collective's and Ohio Class's tipped occupation.

43.     Though Defendants were prohibited from taking a tip credit against their minimum wage obligations for Plaintiff and members of the FLSA Collective and Ohio Class

when these employees performed non-tipped work that was unrelated to their tipped occupation, including but not limited to the tasks described in ¶ 41 above, Defendants, in violation of the FLSA 29 U.S.C. §§ 203(m), 206, and Ohio law, unlawfully took a tip credit against their minimum wage obligations.

44.     In addition, Defendants were prohibited from taking a tip credit when they required their tipped employees to perform non-tipped work that is related to their tipped occupation when their tipped employees' non-tipped work exceeded twenty percent of their tipped employees' time worked during a workweek. *See, e.g, Fast v. Applebee's Int'l, Inc*., 638 F.3d 872, 880 (8th Cir. 2011) ("employees who spend 'substantial time' (defined as more than 20 percent) performing related but nontipped duties should be paid at the full minimum wage for that time"); *Callaway v. DenOne LLC*, N.D.Ohio No. 1:18-cv-1981, 2019 U.S. Dist. LEXIS 37732, at *15 (Mar. 8, 2019).

45.     However, Defendants regularly required Plaintiff, the FLSA Collective and Ohio Class to perform non-tipped duties related to their tipped occupations, including but not limited to cleaning booths; stocking stations throughout the restaurant and the serving line; preparing specialty drinks such as lemonades, "Splashberrys," ice coffee, and teas; filling salt, pepper, sugar, cream, condiment, and napkin containers; rolling bins full of silverware, dozens or hundreds at a time; preparing salads; preparing deserts, ice creams and milkshakes; taking out trash; and sweeping, mopping, and vacuuming. Plaintiff's and members of the FLSA Collective's and Ohio Class's performance of non-tipped work that, although related to their tipped occupation, exceeded twenty percent of the their time worked during a workweek.

46.     Moreover, the non-tipped duties related to their tipped occupation, listed above, that Plaintiff and the FLSA Collective and Ohio Class were required to perform were not

11

performed "for a reasonable time immediately before or after performing such direct-service duties." *See* FOH § 30d00(f)(2) (February 15, 2019); WHD Opinion Letter FLSA 2018-27.

47.    Defendants' utilization of the tip credit provisions of the FLSA and Ohio law for Plaintiff and the FLSA Collective and Ohio Class when these employees (a) performed related but non-tipped work exceeding twenty percent of the their weekly time worked, and/or (b) performed non-related, non-tipped work during a workweek, violated the FLSA, 29 U.S.C. §§ 203(m), 206; 29 CFR § 531.56, and Ohio law.

48.    Even if this Court were to provide some deference to the DOL's recent FOH modification and opinion letter, Defendants still failed to comply with the law. Defendants failed to pay full, non-tipped minimum wage for related but non-tipped work that was not "for a reasonable time immediately before or after performing such direct-service duties," and failed to pay full, non-tipped minimum wage for non-tipped work that was not related to Plaintiff's, the FLSA Collective's and Ohio Class's tipped occupation.

49.    As a result of Defendants' unlawful and willful tipped employee minimum wage practices and policies, Plaintiff and members of the FLSA Collective and Ohio Class are entitled to the non-tipped employee full minimum wage plus tips for every hour of work that they performed for Defendants, or the difference between $8.10 per hour in 2016, $8.15 per hour in 2017, $8.30 per hour in 2018, and $8.55 per hour in 2019 and the wage paid by Defendants. Plaintiff and members of the FLSA Collective and Ohio Class are entitled to receive the difference between the Ohio minimum wage rate and the tip credit adjusted minimum wage rate paid for each hour they worked for Defendants.

50.    In addition, Plaintiff, the FLSA Collective and the Ohio Class are entitled to triple damages for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

**Defendants' Overtime Violations**

51.     The FLSA and Ohio law required Defendants to pay overtime compensation to their employees at the rate of one and one-half times their regular rate for the hours they worked in excess of forty. 29 U.S.C. § 207; O.R.C. §§ 4111.03, 4111.10.

52.     Plaintiff and other members of the FLSA Collective and Ohio Class worked more than forty (40) hours in a single workweek.

53.     However, while Plaintiff, the FLSA Collective, and Ohio Class worked more than forty (40) hours in a single workweek, as a result of Defendants' minimum wage violations and unlawful tip credit practices and policies, Defendants paid Plaintiff and other members of the FLSA Collective and Ohio Class a reduced overtime wage when these employees worked more than 40 hours in a single workweek. Defendants failed to properly calculate and pay overtime compensation each workweek that Plaintiff and other members of the FLSA Collective and Ohio Class worked more than 40 hours and were due full non-tipped minimum wage as Defendants were prohibited from taking a tip credit when their tipped employees (a) performed related but non-tipped work exceeding twenty percent of the their weekly time worked, and/or (b) performed non-related, non-tipped work.

54.     Defendants did not pay overtime compensation to their hourly employees at one and one-half times their tipped employees' appropriate "regular rate" of pay, or full minimum wage. As a result, Plaintiff and other members of the FLSA Collective and Ohio Class were not properly paid overtime for many of their overtime hours worked as required under the FLSA, 29 U.S.C. §§ 201, *et seq.*, and Ohio law.

**The Willfulness of Defendants' Violations**

55.     Defendants knew that Plaintiff and other members of the FLSA Collective and Ohio Class were entitled to minimum wage and overtime compensation under federal and state law or acted in reckless disregard for whether they were so entitled.

56.     The above payroll practices and policies resulted in minimum wage and overtime violations of the FLSA, 29 U.S.C. §§ 201-219; O.R.C. Chapter 4111, *et seq.*; and Ohio Const. Art. II, § 34a. Defendants paid Plaintiff and members of the FLSA Collective and Ohio Class a sub-minimum wage, ostensibly in accordance with the tip-credit provisions of the FLSA, which allows employers to pay less than the statutory minimum wage provided that the employer complies with the requirements of the tip-credit provisions of 29 U.S.C. § 203(m). However, Defendants did not comply with the requirements of the tip-credit provisions and thus cannot avail themselves of the tip-credit provisions of the FLSA.

**COLLECTIVE ACTION ALLEGATIONS**

57.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

58.     Plaintiff brings this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b), which provides that "[a]n action to recover the liability" prescribed by the FLSA "may be maintained against any employer … by any one or more employees for and in behalf of [herself] or themselves and other employees similarly situated."

59.     The FLSA Collective consists of:

> All present and former servers and other employees with similar job titles and/or positions of Defendants in Ohio during the period of three years preceding the commencement of this action to the present.

60.     Such persons are "similarly situated" with respect to Defendants' FLSA violations in that all were non-exempt tipped employees of Defendants, all were subjected to and injured by Defendants' unlawful practice of failing to pay minimum wage for all hours worked, failing to properly pay overtime compensation for all hours worked in excess of forty (40) hours per workweek, and all have the same claims against Defendants for unpaid minimum wage and overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

61.     Conditional certification of this case as a collective action pursuant to 29 U.S.C. § 216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

62.     Plaintiff cannot yet state the exact number of similarly-situated persons but avers, upon information and belief, that they consist of over 100 persons. Such persons are readily identifiable through the payroll records Defendants have maintained, and were required to maintain, pursuant to the FLSA and Ohio law.

## CLASS ACTION ALLEGATIONS

63.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

64.     Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of herself and other members of a class of persons who assert claims under the laws of the State of Ohio (the "Ohio Class"), defined as:

> All present and former servers and other employees with similar job titles and/or positions of Defendants in Ohio during the period of two years preceding the commencement of this action to the present.

65.     The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff cannot yet state the exact number of class members but avers, upon information and

belief, that they consist of over 100 persons. The number of class members, as well as their

identities, are ascertainable from the payroll records Defendants have maintained, and were

required to maintain, pursuant to the FLSA and Ohio law. 29 U.S.C. § 211(c); 29 C.F.R. §

516.2; Ohio Const. Art. II, § 34a.

66.     There are questions of law or fact common to the Ohio Class, including but not

limited to:

> Whether Defendants' conduct as described above violates Ohio law
> governing payment of minimum wage and overtime compensation;
>
> Whether Defendants denied tipped hourly employees minimum
> wages where, among other things, tipped employees performed non-
> tipped, non-tip-related duties and non-tipped, tipped-related duties
> in excess of 20 percent of their overall duties; and
>
> Whether Defendants denied employees overtime compensation
> under Ohio law where, among other things, tipped employees were
> not paid at least one and one-half times the appropriate "regular rate"
> for all hours worked in excess of forty hours in each workweek.

67.     Plaintiff's claims are typical of the claims of other members of the Ohio Class.

Plaintiff's claims arise out of the same uniform course of conduct by Defendants, and are based

on the same legal theories, as the claims of other class members.

68.     Plaintiff will fairly and adequately protect the interests of the Ohio Class.

Plaintiff's interests are not antagonistic to, but rather are in unison with, the interests of other

class members. Plaintiff's counsel have broad experience in handling class action litigation,

including wage-and-hour litigation, and are fully qualified to prosecute the claims of the Ohio

Class in this case.

69.     The questions of law or fact that are common to the Ohio Class predominate over

any questions affecting only individual members. The primary questions that will determine

Defendants' liability to the class, listed above, are common to the class as a whole, and predominate over any questions affecting only individual class members.

70.    A class action is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring class members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many class members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case as a class action pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

<u>**COUNT ONE**</u>
**(FLSA Minimum Wage Violations)**

71.    Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

72.    The FLSA requires that "non-exempt" employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform. *See* 29 U.S.C. § 206.

73.    Defendants failed to comply with the requirements of 29 U.S.C. § 206, by paying employees less than the applicable Ohio minimum wage. Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of the FLSA, including refusing and/or failing to calculate and pay Plaintiff's and the FLSA Collective's minimum wages as required by federal law. 29 U.S.C. § 206.

74.    Defendants' unlawful conduct directly and proximately caused Plaintiff and the FLSA Collective to suffer damages for which they are entitled to judgment.

75.     Defendants' violations have been willful and/or in reckless disregard of Plaintiff's and the FLSA Collective's rights, and entitle Plaintiff and the FLSA Collective to liquidated and/or punitive damages. 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

**COUNT TWO**
**(Art. II, Sec. 34a of the Ohio Constitution Minimum Wage Violations)**

76.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

77.     Plaintiff brings this claim for violation of the Ohio's Constitutional minimum wage provisions contained within Art. II, Sec. 34a of the Ohio Constitution on behalf of herself and other members of the FLSA Collective and Ohio Class.

78.     The Ohio Constitution requires that employees receive a minimum hourly wage for all work their employers suffer, permit or require them to perform.

79.     Based on the improper practices and policies described herein, Defendants failed to comply with the requirements of the Ohio Constitution by paying employees less than the applicable minimum wage rate.

80.     Defendants have engaged in a series of unlawful acts, practices, policies, and procedures in violation of Art. II, Sec. 34a of the Ohio Constitution, including refusing and/or failing to calculate and pay Plaintiff's, the FLSA Collective's and the Ohio Class's minimum wages as required by the Ohio Constitution.

81.     Defendants' unlawful conduct directly and proximately caused Plaintiff, the FLSA Collective and the Ohio Class to suffer damages for which they are entitled to judgment.

82.     Plaintiff and other members of the FLSA Collective and Ohio Class are entitled to "equitable and monetary relief" including "two times the amount of the back wages", or triple damages for Defendants' minimum wage violations pursuant to Ohio Const. Art. II, Sec. 34a.

## COUNT THREE
### (FLSA Overtime Violations)

83.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

84.     Plaintiff brings this claim for violation of the FLSA's overtime provisions.

85.     The FLSA requires that "non-exempt" employees receive overtime compensation of "not less than one and one-half times" the employees' "regular rate" of pay.  29 U.S.C. § 207(a)(1).

86.     Plaintiff and the FLSA Collective should have been paid overtime wages in the amount of 150% of their "regular rate" for all hours worked in excess of forty (40) hours per workweek.

87.     Defendants did not pay overtime compensation to Plaintiff and the FLSA Collective at the rate of one and one-half times their regular rate for all of their overtime hours.

88.     By engaging in these policies and practices, Defendants willfully violated the FLSA and regulations thereunder that have the force of law.

89.     As a result of Defendants' violations of the FLSA, Plaintiff and the FLSA Collective were injured in that they did not receive wages due to them pursuant to the FLSA. 29 U.S.C. § 216(b) entitles Plaintiff and the FLSA Collective to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." 29 U.S.C. § 216(b) further provides that "[t]he court … shall, in addition to any judgment awarded to the

19

plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

## COUNT FOUR
### (Ohio Overtime Violations)

90.     Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

91.     Plaintiff brings this claim for violation of the Ohio overtime compensation statute, O.R.C. § 4111.03.

92.     At all times relevant, Defendants were employers covered by the Ohio overtime compensation statute, O.R.C. § 4111.03.

93.     Defendants' failure to properly compensate overtime hours violated the Ohio overtime compensation requirements set forth in O.R.C. § 4111.03.

94.     These violations of Ohio law injured Plaintiff, the FLSA Collective and the Ohio Class in that they did not receive wages due to them pursuant to that statute.

95.     Having injured Plaintiff, the FLSA Collective and the Ohio Class, Defendants are "liable to [Plaintiff, the FLSA Collective and the Ohio Class] for the full amount of the overtime wage rate, less any amount actually paid to the employee … and for costs and reasonable attorney's fees as may be allowed by the court." O.R.C. 4111.10.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court:

A.   Conditionally certify this case as an FLSA "collective action" pursuant to 29 U.S.C. § 216(b) and direct that Court-approved notice be issued to similarly-situated persons informing them of this action and enabling them to opt in;

B.   Certify this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of Plaintiff and other members of the Ohio Class;

C.   Enter judgment against Defendants and in favor of Plaintiff and the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the members of the Ohio Class;

D.   Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of their unpaid minimum wages, as well as additional damages as required by Art. II, Sec. 34a of the Ohio Constitution in an amount equal to two times the amount of unpaid minimum wages;

E.   Award compensatory damages to Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b) and the members of the Ohio Class in the amount of their unpaid overtime wages, as well as liquidated damages in an equal amount; and

F.   Award Plaintiff her costs and attorneys' fees incurred in prosecuting this action and such further relief as the Court deems equitable and just.

Respectfully submitted,

_s/ Kevin M. McDermott II_
Joseph F. Scott (0029780)
Ryan A. Winters (0086917)
Kevin M. McDermott II (0090455)
SCOTT & WINTERS LAW FIRM, LLC
The Caxton Building
812 Huron Rd. E., Suite 490
Cleveland, OH 44115
P: (216) 912-2221 | F: (216) 350-6313
jscott@ohiowagelawyers.com
rwinters@ohiowagelawyers.com
kmcdermott@ohiowagelawyers.com

## **JURY DEMAND**

Plaintiff hereby demands a trial by jury on all issues so triable.

s/ *Kevin M. McDermott II*
Kevin M. McDermott II (0090455)
