# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

SHAKURA SLAUGHTER,

        Plaintiff,

        v.

RMLS HOP OHIO, L.L.C., *et al.*,

        Defendants.

Case No. 2:19-cv-3812
JUDGE EDMUND A. SARGUS, JR.
Magistrate Judge Kimberly A. Jolson

## OPINION AND ORDER

This matter is before the Court on Defendant Romulus Holdings LLC's ("Defendant Romulus") Motion to Dismiss (ECF No. 8). Plaintiff has responded (ECF No. 9) and Defendant Romulus has replied (ECF No. 12). Thus, the matter is ripe for review. For the reasons stated below, the Court **GRANTS in part and DENIES in part** Defendant Romulus' Motion to Dismiss (ECF No. 8), thereby **DISMISSING** the Complaint as against Defendant Romulus.

## I.

Plaintiff Shakura Slaughter ("Plaintiff") was employed as a server at IHOP in Hillard, Ohio from December of 2018 to July of 2018. (Am. Compl. ¶ 10., ECF No. 10.) She was also employed as a server at IHOP in Reynoldsburg, Ohio from December of 2018 to March of 2019. (*Id.*) On September 3, 2019, Plaintiff filed a complaint against Defendant Romulus and Defendant RMLS Hop Ohio, LLC ("Defendant RMLS") alleging violations of Fair Labor Standards Act ("FLSA"), and the Ohio Constitution on behalf of herself, on behalf of those similar situated as an FLSA collective action, and on behalf of other members of a class of persons who assert claims under the laws of Ohio, as a class action. (*Id.* at ¶¶ 55, 61, 70, 77.)

On September 22, 2019, counsel for Defendant Romulus sent counsel for Plaintiff a letter. (Def.'s Mot. Dismiss, Ex. A, ECF No. 8.) The letter stated that Defendant Romulus "is not a property party to the litigation. It does not own or operate any restaurants, and does not employ servers, nor does it have any subsidiaries who do so, either directly or by any subsidiary entities. Consequently, the claims against Romulus Holdings LLC should be dismissed voluntarily." (*Id.*) The letter also contained information regarding Defendant RMLS which is relevant to Plaintiff's minimum wage claims. (*Id.*)

Subsequent to the September 22 letter, the parties' counsel exchanged several emails. (*See* Def.'s Reply at Exs. 1, 2, ECF No. 12.) Plaintiff's counsel asked Defendant Romulus' counsel for Plaintiff's pay records as well as further information on Plaintiff's time spent working non-tipped duties. (*See Id.* at Ex. 1.) Defendant Romulus' counsel provided the requested documents and information. (*Id.*) Defendant Romulus' counsel also asked Plaintiff's counsel to stipulate to an extension of time to answer in order to give Plaintiff more time to review the information and consider dismissing the case. (*Id.*) Plaintiff never responded to this request. (*Id.*)

On October 28, 2019, Defendant Romulus filed a Motion to Dismiss for lack of personal jurisdiction, improper venue, and failure to state a claim upon which relief can be granted. (Def.'s Mot. Dismiss at 1–2.) The motion also included a request for attorney's fees under 28 U.S.C. § 1927. (*Id.* at 11–13.) On November 12, 2019, Plaintiff simultaneously filed a response agreeing to dismiss her claims against Defendant Romulus and an amended complaint no longer including Defendant Romulus and instead including Defendant Jane Doe Company No. 1. (Pl.'s Resp. at 1, ECF No. 9; Am. Compl. ¶ 7.) Plaintiff, however, opposed the request for attorney's fees. (*Id.*)

## II.

The Motion to Dismiss Defendant Romulus is unopposed. The Court grants this motion as to the dismissal of Defendant Romulus. The remaining issue is whether Defendant Romulus' counsel is entitled to attorney's fees.

## III.

28 U.S.C. § 1927 provides:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the Court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

In the Sixth Circuit, "Section 1927 sanctions are warranted when an attorney objectively falls short of the obligations owed by a member of the bar to the court and which, as a result, causes additional expense to the opposing party." *Red Carpet Studios Div. v. Source Advantage Ltd.*, 465 F.3d 642, 646 (6th Cir. 2006). The conduct must exceed simple or inadvertent negligence. *Swan v. Ruben*, 485 U.S. 934, 984 (1988); *Hogan v. Jacobsen*, 823 F.3d 872, 876 (6th Cir. 2016) (noting that "sanctions may be imposed without a finding that the lawyer subjectively knew that the conduct was inappropriate, but the conduct must exceed inadvertence or negligence that frustrated the trial judge"). Importantly, "the mere finding that an attorney failed to undertake a reasonable inquiry into the basis for a claim does not automatically imply the proceedings were intentionally or unreasonably multiplied." *Ridder v. City of Springfield*, 109 F.3d 288, 298 (6th Cir. 1997).

Defendant Romulus argues that attorney's fees should be awarded because Plaintiff knowingly filed a complaint against an entity that did not employ Plaintiff or otherwise do any business in Ohio, failed to satisfy Federal Rule of Civil Procedure 11, failed to name a fictious

defendant and use the Federal Rules to discover the correct defendant, and should be held accountable now in order to guide her actions throughout the rest of this case.

First, Defendant Romulus asserts Plaintiff sued it knowing it was the incorrect defendant, or without knowing if it was the correct one.[1] (Def.'s Mot. Dismiss at 11; Def.'s Reply at 7.) Defendant Romulus points to the letter its counsel sent Plaintiff's counsel and the lack of follow-up questions. (Def.'s Mot. Dismiss at Ex. A; Def.'s Reply at 3–5, Exs. 1, 2.) Defendant Romulus asserts that even if Plaintiff felt they did not have verifiable information to back up the claims in the September letter, "Plaintiff[] ignored the known risk if [her] mistake," by including Defendant Romulus in the complaint without further questioning to Defendant Romulus' counsel. (Def.'s Reply at 7.)

Second, Defendant Romulus asserts that while it "would prefer not to incur the expense or burden the Court with a separate motion for sanctions as contemplated by Rule 11(c)(2)," the failure of Plaintiff to satisfy Rule 11 is persuasive to the issue of awarding fees under 28 U.S.C. § 1927. (Def.'s Mot. Dismiss at 13.) Defendant asserts Rule 11 is not satisfied because asserting the claims against it was not in good faith after reasonably inquiry. (*Id.*)

Third, Defendant asserts attorney's fees should be awarded because Plaintiff failed to utilize the rules and name a fictious Defendant. (Def.'s Reply at 5–6.) Defendant Romulus asserts that Plaintiff, upon seeing multiple entries online for those related to Defendant RMLS, should have named a fictious party and used discovery tools to determine the appropriate defendant, thus saving Defendant Romulus the costs and fees incurred in filing this motion to dismiss. (*Id.*)

---

[1] In Defendant Romulus' Motion to Dismiss they assert Plaintiff "knowingly filed" the complaint against an improper defendant. (Def.'s Mot. Dismiss at 11.) In its Reply Defendant Romulus asserts Plaintiff sued "without knowing" if the party was proper. (Def.'s Reply at 7.) The thrust of the two arguments are the same, however, and thus the Court will analyze them together.

Finally, Defendant argues Plaintiff should be held accountable now in order to encourage Plaintiff to be "mindful of the costs and risks of litigation as she pursues [the] case." (Def.'s Reply at 9.)

Plaintiff argues, in contrast, that she should not be held liable for attorney's fees because the situation does not rise to the level required by case law to give attorney's fees, she did not violate Rule 11, and there was no misconduct. (*See* Pl.'s Resp.) Plaintiff explains that the Arizona corporate filings listed several entities, including Defendant Romulus, all with the same statutory agent. (*Id.* at 2.) Additionally, news articles contained quotations from Romulus Holdings' CEO that indicated it was engaged in the operation of IHOP restaurants, including the compensation of employees. (*Id.* at 2–3.) Plaintiff argues that the September 2019 letter provided no actual proof that Defendant Romulus was not the correct defendant. (*Id.* at 3.) It was not until the Motion to Dismiss that the declaration was added to the letter. (*Id.*)

Additionally, Plaintiff argues Defendant Romulus itself failed to satisfy Rule 11 by failing to wait twenty-one after serving the motion on Plaintiff to file it[2] By failing to do so, Defendant did not give Plaintiff a chance to view the declaration and amend its error without court involvement. (Pl.'s Resp. at 5.) Finally, Plaintiff argues she engaged in no misconduct. (*Id.* at 5–6.)

The Court agrees with Plaintiff that this conduct does not rise to the level of multiplying the proceedings "unreasonably and vexatiously." Plaintiff agreed to dismiss the claim against

---

[2] Plaintiff's argument implies she may have construed Defendant's argument as an argument for the court to award Rule 11 sanctions. (Pl.'s Resp. at 5 (noting that "[w]ithout compliance with Rule 11's safe harbor requirements, sanctions under Rule 11 are unavailable").) Defendant Romulus makes clear, however, that it is not actually seeking Rule 11 sanctions at this time. (Def.'s Mot. Dismiss at 13. (stating "although [Defendant Romulus], would prefer not to incur the expense or burden the Court with a separate motion for sanction as contemplated y Rule 11(c)(2) . . . the failure of Plaintiffs tactics to satisfy Rule 11 should be persuasive to the Court in awarding reasonable costs and attorneys' fees under 28 U.S.C. § 1927").) Even if the Plaintiff did misconstrue Defendant Romulus' argument, the Court still finds Plaintiff's argument persuasive as to the relevant question of whether attorneys' fees should be awarded under the statute.

Defendant Romulus as soon as Defendant Romulus filed the declaration as evidence it was not the correct party. This quick dismissal is contrary to the facts of the cases where courts in this circuit have awarded attorneys' fees under this statute. *See e.g,. Ridder*, 109 F.3d at 198 (sanctions against a party who persisted in court for five years despite unearthing no evidence to support its claim); *United States v. Lewis*, No. 3:08-cr-175, 2018 U.S. Dist. LEXIS 70028, at *9–10 (S.D. Ohio Apr. 26, 2018) (sanctions against a party who had been intentionally abusing the judicial process for seven years trying to overturn a conviction); *Malibu Media, LLV v. Doe*, No. 1:14-cv-493, 2016 U.S. Dist. LEXIS 42267, at *12–13 (S.D. Ohio Mar. 30, 2016) (sanctions against a party who had filed over 60 cases in one court in order to try and coerce a settlement without an intention to actually litigate).

While Plaintiff may have acted with simple negligence in failing to follow up with Defendant for further inquiry into whether it was a correct party to name as a defendant, simple negligence is not enough to warrant sanctions. Defendant's Rule 11 argument is not persuasive because they have not filed a Rule 11 motion and have not satisfied the procedural requirements of such motion by giving Plaintiff the safe harbor time period. Defendant's argument that Plaintiff should have sued a fictitious defendant again shows only simple negligence, not the conduct required under this statue.

Finally, Defendant's argument that Plaintiff should be held accountable in order to encourage more mindful litigating in the future is well taken, but not enough to award sanctions. Plaintiff should be mindful of the costs of litigation on other parties and the care that should be taken to ensure unnecessary litigation is not pursued. This statute, however, does not allow the Court to award Defendant attorney's fees solely for this purpose. As the case law shows, the Court

is only to award fees when a party unreasonably and vexatiously multiplies the proceedings, a standard which has not been met in this case.

**IV.**

For the reasons set forth above, the Court **GRANTS in part and DENIES in part** Defendant Romulus' Motion to Dismiss (ECF No. 8). Plaintiff's claims against Defendant Romulus are dismissed. The request for attorney's fees is denied. The Court **DIRECTS** the Clerk to enter judgment accordingly.

**IT IS SO ORDERED.**

12-13-2016
**DATE**

**EDMUND A. SARGUS, JR.**
**UNITED STATES DISTRICT JUDGE**