UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

SHAKURA SLAUGHTER,

      **Plaintiff,**

v.

      Case No. 2:19-cv-3812
      JUDGE EDMUND A. SARGUS, JR.
      Magistrate Judge Kimberly A. Jolson

RMLS HOP OHIO, L.L.C.,

      **Defendant.**

## ORDER

This matter arises on Defendant RMLS-HOP Ohio, L.L.C.'s ("RMLS") unopposed Motion to Submit Settlement Agreement *in Camera*. (ECF No. 49.) As more fully set forth therein, RMLS asks this Court (1) for leave to submit the parties' agreement to settle Plaintiff Shakura Slaughter's ("Plaintiff") Fair Labor Standards Act ("FLSA") claim under seal for *in camera* review and (2) to subsequently place any approved agreement under seal. (*Id.*)

**I.**

Both of RMLS' requests are underpinned by a similar rationale. At the outset, RMLS reiterates its position that Plaintiff's FLSA claim lacks merit, and that the only reason it agreed to settle the matter was to avoid the economic burden of litigating its case to completion. (Def.'s Mot., ECF No. 49 at PageID #491-92.) RMLS further contends there is good cause to place the parties' settlement agreement under seal because (1)"[t]he agreement itself does not contain a confidentiality provision," meaning that "Plaintiffs are permitted to discuss the litigation and the settlement agreement," (2) "publishing the terms of the settlement agreement could subject Defendant to other [meritless] lawsuits,"[1] and (3) given that "the evidence supports [its] position,

---

[1] RMLS further asserts that it "produced more than 4,000 pages of documents" which show that a FLSA violation never occurred, and that, given its own internal policies, "there is no potential that there could be any merit to a 'copy-cat' claim being filed in the future similar to the claims in this case." (Def.'s Mot., ECF No. 49 at PageID #492.)

the contents of the settlement agreement [possess] little value, if any, to others."(*Id.* at PageID #492-94.)

The Court takes no issue with RMLS' request to submit its settlement agreement for *in camera* review. The Court notes, however, that the normal course for FLSA cases that have been settled is for the parties to request approval and attach the agreement to the motion. If, however, the parties would like to have the Court review the document prior to filing the request for approval, it will do so. To that extent, RMLS' motion is **GRANTED**.

RMLS' request to have this Court seal the contents of any settlement agreement it *approves* is not of the same character. "Under the common law right to access, a presumption of public access attached to any 'judicial document,' defined as a document 'relevant to the performance of the judicial function and useful in the judicial process." *Id.* at *3 (quoting *Wolinsky v. Scholastic Inc.*, 900 F. Supp. 2d 332, 337 (S.D.N.Y. 2012). And "a judicially approved FLSA settlement agreement" "indisputably" constitutes such a "judicial document." *Id.* For that reason, those agreements "should not be filed under seal, except in the very limited circumstance where parties can make a substantial showing that their need to seal the agreement outweighs the strong presumption of public access that attaches to such judicial documents." *Id.* at *4 (citation omitted); *see also Rudd Equipment Co., Inc. v. John Deere Construction & Forestry Co.*, 834 F.3d 589, 593 (6th Cir. 2016) ("Shielding material in court records, then, should be done only if there is a 'compelling reason why certain documents or portions thereof should be sealed.'") (citation omitted).

RMLS has not made such a "showing." As RMLS acknowledges, Plaintiff will be free to openly discuss the approved agreement *even if* it were sealed from the public. And if, as RMLS contends, "the contents of the settlement agreement" are of little actual value to outsiders, the

2

Court strains to see why keeping it a matter of public record will make any material difference to RMLS.

The only basis RMLS offers to hold otherwise is its fear that other employees will file "meritless" "copy-cat" FLSA suits against it. But this "purely conjectural" argument is simply not enough to overcome the presumption of access that the approved settlement agreement would bear. *Green*, 2014 WL 2624900, at *6. Other federal courts have "routinely" held as much. *Id.* (collecting cases). And the fact Plaintiff does not argue otherwise is of little consequence to the matter. *See id.* (denying a joint motion to approve a FLSA settlement agreement on almost identical grounds).

## II.

Accordingly, RMLS' Motion to Submit Settlement Agreement *in Camera* is **DENIED IN PART** and **GRANTED IN PART**. (ECF No. 49.) The parties may submit their tentative settlement agreement for the Court to review under seal. The Court, however, will not seal the terms of that agreement should it gain final approval.

This case shall remain open.

**IT IS SO ORDERED.**


**10/26/2022**                                                            s/Edmund A. Sargus, Jr.
**DATE**                                                                        **EDMUND A. SARGUS, JR.**
                                                                                        **UNITED STATES DISTRICT JUDGE**

3